a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RON CLEON JOHNSON #150833, Plaintiff | CIVIL DOCKET NO. 1:23-CV-01123 SEC P |
| VERSUS | JUDGE DRELL |
| ROBERT STUART WRIGHT ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Ron Cleon Johnson ("Johnson"). Johnson is a pretrial detainee at the Natchitoches Parish Detention Center ("NPDC"). ECF No. 1 at 3. He alleges that his telephone conversations were improperly recorded in violation of Louisiana law. ECF No. 1 at 6.

Because Johnson fails to state a viable constitutional claim, his Complaint (ECF No. 1) should be DENIED and DISMISSED with prejudice.

I. Background

Johnson alleges that Defendants intercepted and downloaded his recorded phone conversations from NPDC without a court authorization. ECF No. 1 at 5. Defendants allegedly provided the conversations to the district attorney's office, resulting in criminal charges against Johnson for the violation of a protective order. *Id.* at 6. Johnson asserts that the conversations should not have been recorded

1

without a court order. He demands an award of monetary damages pursuant to La. R.S. 15:1312. ECF No. 1 at 8.

II. Law and Analysis

A. Johnson's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Johnson is a prisoner who has been granted leave to proceed *in forma pauperis*. ECF No. 7. As a prisoner seeking redress from an officer or employee of a governmental entity, Johnson's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Johnson's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. <u>Johnson's Complaint is meritless.</u>

First, Johnson does not allege the violation of a constitutional right. To state a viable claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. Johnson merely alleges the violation of Louisiana Revised Statute 15;1301, Louisiana's Electronic Surveillance Act. Moreover, there is an exception under the Electronic Surveillance Act law, which applies where the telephone, equipment, or facility is being used by an investigative or law enforcement officer in the ordinary course of business. *See* La. R.S. 15:1302(10)(a)(ii).

Moreover, allowing Johnson to amend to allege a federal constitutional violation would be futile. Although the Fourth Amendment of the United States Constitution affords protection for individuals against unreasonable governmental intrusion, prisoners do not have a subjective or reasonable expectation of privacy in outgoing calls made from jail. *See Massey v. Cain*, 2016 WL 8201926, *17 (E.D. La. 2016) ("Courts have consistently held that detainees lack an objectively reasonable expectation of privacy in phone calls made from prisons or jails"); *United States v. 89.9270303 Bitcoins*, 2021 WL 4307375, *5 (W.D. Tex. 2021) (pretrial detainee had no reasonable expectation of privacy that prevented recording of calls he made from jail to his wife); *State v. Durham*, 43,558 (La.App. 2d Cir. 10/15/08), 996 So.2d 642 (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)). "[T]he need for jail and prison administrators to maintain order and prevent criminal activity requires a greater

ability to monitor the activities of inmates than would be permitted in society at large." *Durham*, 43,558, p. 10, 996 So.2d at 648.

### III. Conclusion

Because Johnson fails to state a viable constitutional claim, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, December 11, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE